**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FARRUKH SHOKIR UGLI SHOKIROV,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WARDEN,** *El Paso Processing Center*; | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *in her official capacity as Field Office* | § | |
| *Director, ICE Enforcement and Removal* | § | |
| *Operations, El Paso Field Office*; | § | **EP-26-CV-01533-DCG** |
| **MARKWAYNE MULLIN,** | § | |
| *in his official capacity as Secretary of the* | § | |
| *Department of Homeland Security*; **and** | § | |
| **TODD BLANCHE,** | § | |
| *in his official capacity as Acting Attorney* | § | |
| *General of the United States*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DISMISSING CASE

Petitioner Farrukh Shokir Ugli Shokirov has filed two immigration habeas petitions:

(1)     a *pro se* petition that Petitioner filed on February 23, 2026 (the "First Petition");[1] and

(2)     the petition in the above-captioned case (the "Second Petition"), which an attorney filed on Petitioner's behalf on June 1, 2026.[2]

---

[1] *See generally* Petition for Writ of Habeas Corpus, *Shokirov v. El Paso Serv. Processing Ctr.*, No. 3:26-CV-00539 (W.D. Tex. Feb. 23, 2026), ECF No. 1 [hereinafter "1st Pet."].

[2] *See generally* 2d Pet., ECF No. 1.

The Court has confirmed that the "Farrukh Shokirov" who filed the First Petition is the same person as the "Farrukh Shokir Ugli Shokirov" named in the Second Petition. *Compare* 1st Pet. at 1 (Petitioner's A-number), *with* 2d Pet. Ex. B, ECF No. 1-2, at 5 (the same A-number).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

On July 10, 2026, the Court granted the First Petition and ordered Respondents to release Petitioner from custody.[3] By doing so, the Court granted the same ultimate relief that Petitioner seeks in the Second Petition: release from detention.[4] As a result, the Second Petition is both duplicative and moot.[5]

The Court therefore **DISMISSES** and **CLOSES** the above-captioned case.

**So ORDERED and SIGNED this 13th day of July 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] *See* Order Granting Petition for Writ of Habeas Corpus at 5, *Shokirov v. El Paso Serv. Processing Ctr.*, No. 3:26-CV-00539 (W.D. Tex. July 10, 2026), ECF No. 6.

[4] *Compare* 1st Pet. at 13–14 ("Petitioner respectfully requests [that] this Court . . . [o]rder Respondents to immediately release Petitioner from custody . . . ."), *with* 2d Pet. at 13 ("Petitioner respectfully requests that this Court . . . [i]ssue a Writ of Habeas Corpus ordering Petitioner's immediate release from custody . . . .").

Although the Second Petition seeks several additional forms of relief that Petitioner hadn't requested in the First Petition, *contrast* 2d Pet. at 13–14, *with* 1st Pet. at 13–14, all of those additional requests for relief are either mooted by the Court's Order granting the First Petition or unavailable as a matter of law. Most notably, the Court has no authority to award Petitioner attorney's fees as the Second Petition requests. *Contrast* 2d Pet. at 14, *with, e.g.*, *Martinez-Santos v. Mullin*, No. 3:25-CV-00655, 2026 WL 1257459, at *5 (W.D. Tex. May 6, 2026) (Guaderrama, J.) ("[A]ttorney's fees are not available in habeas corpus proceedings like this one." (citation modified)).

[5] *Cf., e.g.*, *Medina Espinoza v. Warden*, No. 3:26-CV-01593, 2026 WL 1747144, at *1 (W.D. Tex. June 10, 2026) (Guaderrama, J.) ("Several weeks after [the petitioner] filed a *pro se* habeas petition, . . . an attorney filed a successive petition on her behalf. Both petitions seek essentially the same relief: release from detention . . . . [The Court will therefore] dismiss the later-filed case [as duplicative] . . . .").